923 F.2d 855
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Patty Sue PETERS, Petitioner-Appellant,
v.
WOODMEN OF the WORLD LIFE INSURANCE COMPANY, Respondent-Appellee.
 No. 89-6220.
 United States Court of Appeals, Sixth Circuit.
 Jan. 18, 1991.
 
 Before WELLFORD and SUHREINRICH, Circuit Judges, and BELL,* District Judge.
 PER CURIAM:
 
 
 1
 Plaintiff, Patty Peters, a widow, is the beneficiary of a life insurance policy purchased by her deceased husband. Following Mr. Peters' death, the defendant insurance company refused to pay the life insurance policy proceeds claimed, asserting that the decedent had provided several material misrepresentations of fact in his recent insurance application. After a suit to collect the $25,000 proceeds in controversy, defendant moved for summary judgment, and the motion was granted. Plaintiff appeals, and we affirm.
 
 
 2
 The district court reviewed the deposition testimony of Mr. Peters' doctors and others, concluded that no material issue of fact existed in the case, and therefore granted defendant Woodmen's motion for summary judgment. The court's factual findings are not in any serious dispute; they reveal that Mr. Peters' insurance application completed on November 13, 1986, about a year before his death, contained a series of omissions and misstatements.
 
 
 3
 In that application, the district court found that Mr. Peters made the following representations:
 
 
 4
 [W]hen asked if he had been hospitalized within the last five years, Peters answered "no." He also denied having any kidney problems, diabetes, any weight loss or gain within the last year, as well as any other illness or injury in the last five years. Mr. Peters admitted he had been examined by a physician, but described the purpose as only for "check ups."
 
 
 5
 The virtually undisputed facts were seriously at odds with these representations in the application. Mr. Peters died of complications from liver disease, and defendant's ensuing investigation uncovered the following background information, as described by the district court:
 
 
 6
 Numerous hospital and physician records reveal that Mr. Peters had serious physical ailments not disclosed at the time of the insurance application.... In fact, Mr. Peters had been hospitalized less than three months prior to completion of the application. He had been treated on a regular basis for ailments related to excessive alcohol consumption. Serious liver problems plagued Mr. Peters from the time of his first visit to Dr. Arnett, his treating physician, in 1984 until his death. Specifically, Mr. Peters suffered from cirrhosis of the liver.
 
 
 7
 The record reveals numerous unreported hospitalizations, diabetes[1], high blood pressure, liver damage, alcohol withdrawal, alcoholic hepatitis[2], obesity and significant weight variations. All of these conditions were diagnosed prior to the decedent's insurance application. There was abundant evidence to support the findings of the district court.
 
 
 8
 In the face of these facts, appellant raises two arguments. The first is that, under Kentucky law, material misrepresentations will not bar recovery "when the insurer is fully cognizant of all material facts concerning the insured's state of health ..." Kentucky Central Life Insurance Co. v. Combs, 432 S.W.2d 415, 417 (Ky.1968). Appellant argues that because the decedent correctly listed the name of his treating physician on the application, the Combs exception should apply. Like the district court, we find this argument unpersuasive. The fact that Woodmen could have, but did not, contact Mr. Peters' physician, is simply not the same thing as being fully cognizant of all material facts concerning Mr. Peters' health. To put it another way, the legal effect of Mr. Peters' numerous material misrepresentations is not vitiated by the fact that he truthfully supplied the name of a treating doctor. Whether plaintiff or her deceased husband believed in 1986 that he was an alcoholic and needed to abstain is immaterial, since he knew of the diagnosis of his multiple physical problems.
 
 
 9
 Appellant's second argument is that the decedent did not give any material false statements in his application. Given the district court's undisputed findings of fact concerning the decedent's actual medical history compared to the one he reported to his insurer, we conclude that the district court's finding of materiality was correct as a matter of law. No error was demonstrated by appellant in this record. Kentucky law supports the result reached. See Metropolitan Life Ins. Co. v. Tannenbaum, 240 S.W.2d 566 (1951), and Mills v. Reserve Life Ins. Co., 335 S.W.2d 955 (1960), among other cases to this same effect.
 
 
 10
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Sam H. Bell, United States District Court for the Northern District of Ohio, sitting by designation
 
 
 [1]
 In Mills v. Reserve Life Ins. Co., 335 S.W.2d 955 (Ky.1960) it was held that misrepresentation due to diabetes alone was sufficient to void a policy
 
 
 [2]
 In his memorandum filed with the district court, Peters' counsel stated: "Like most alcoholics, he did not believe he had a drinking problem." The doctor's report of November 26, 1986, indicated: "He is to follow with AA which was discussed with his wife."